UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CR-303-FL-RJ-1

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MILTON ERMILO ARREAGA ROBLERO | AFFIDAVIT OF JOSE VEGA |

1. I am the investigator from the Office of the Federal Public Defender assigned to the case of *United States v. Milton Roblero*, 5:25-CR-303-FL.

2. On January 8, 2026, I telephoned Officer Kimberly Davis from the Morrisville, North Carolina Police Department. Officer Davis wrote the accident report from the December 2, 2025, underlying events in the above-captioned case. I told Officer Davis that the Office of the Federal Public Defender represented Mr. Roblero in this case.

3. I informed Officer Davis that our office had videos of these events. When asked whether she saw these videos before writing her report, she said she had not. I asked if she would be willing to meet me and Mr. Roblero's attorney to discuss her report and show her the videos. Officer Davis agreed to meet with us at 1:00 p.m., January 15, 2026, at the Morrisville Police Department.

4. Assistant Federal Public Defender James E. Todd, Jr, and I arrived at the police department by 12:45, and contacted Officer Davis. She told us she was just finishing a call and could meet momentarily.

5. A few minutes later, Morrisville Police Chief Justin Rosser came out and told us his office had contacted the prosecutor, who would also attend the meeting with Officer Davis.

6. Assistant United States Attorney Ashley Foxx arrived shortly thereafter. The four of us – Attorney Todd, myself, Attorney Foxx and Officer Davis – went to a room to begin the interview.

7. Before showing Officer Davis the videos, Attorney Todd asked Officer Davis if she had the opportunity to speak with Mr. Roblero to obtain his version. She said she did not speak with Mr. Roblero, because when she arrived, he was in one of the immigration officers' vehicles and then was taken to the hospital in an ambulance.

8. Attorney Todd also asked Officer Davis if she had bodycam from her time at the scene. She said she did but turned it off when she found out the others involved were federal officers. Officer Davis did not clarify whether those federal officers instructed her to turn off her bodycam or did so on her own initiative.

9. Officer Davis also said that the federal officers took the notes she had written that had their names and version of events. Those officers instructed her not to report any of their names in her report and instead use "agent 1, agent 2, and agent 3."

10. Officer Davis did clarify that the dark colored Subaru was no longer directly behind the red Honda when she arrived. She said that Subaru had been moved to another section of the parking lot.

11. Attorney Todd asked Officer Davis if she wanted to see the store videos that captured the events, and she said she did. During the viewing, Attorney Todd noted it showed the dark colored Subaru SUV pushing the red Honda. Attorney Foxx then interjected, "Well, that's open for interpretation."

12. After Officer Davis watched the videos, Attorney Todd gave her a flash drive with the videos. He asked her to review the videos again to decide whether to modify her report.

13. Attorney Foxx then told Officer Davis to give her (Attorney Foxx) any updated reports, the bodycam, and any previously undisclosed photographs. Attorney Foxx would then produce these items in a supplemental discovery production.

_____
Signature of Person Signing Document

Sworn to and subscribed before me,
this the 17 day of February, 2026.

_____
Notary Public

My Commission Expires 7-22-2028