UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CR-303-FL

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MILTON ERMILO ARREAGA ROBLERO | MOTION FOR IN CAMERA REVIEW OF GRAND JURY TRANSCRIPT<br><br>Fed. R. Crim. P. 6(e)(3)(E) |

The Defendant, Milton Ermilo Arreaga Roblero, by and through undersigned counsel, respectfully requests that the Court conduct an in camera review of the Grand Jury Transcript from December 16, 2025, in the above-captioned case. Specifically, Mr. Roblero requests that the Court review the transcripts to determine whether the government showed the grand jurors the video evidence from the events on December 2, 2025, that gave rise to the instant indictment. Counsel does not request disclosure of the transcripts at this time but will if the Court determines the government did not show the video evidence to the grand jury and instead relied solely on hearsay to return an indictment.

On February 17, 2026, counsel notified Assistant United States Attorney Ashley Foxx of his intent to request this in camera review. As of this filing, counsel has not received a response, so cannot say whether the government will oppose this motion.

Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure authorizes a court to "authorize disclosure – at any time, in a manner, and subject to any other conditions that it directs – of a grand jury matter." Even when requesting in camera review, a party must make "a strong showing of particularized need" for the grand jury materials. *United States v. Sells Eng'g*

*Inc.*, 463 U.S. 418, 443 (1983).

To demonstrate this need, counsel incorporates by reference the Motion to Dismiss filed today, Docket Entry 22. As detailed in the motion, the immigration officers' hearsay statements the FBI agent relied upon to submit his affidavit in support of the Complaint were inconsistent with the video evidence. DE 22, pp.3-6. Counsel believes this same agent testified for the government at the grand jury proceeding on December 16, 2025.

As noted in the Motion to Dismiss, the grand jury returned the indictment that morning, just before the scheduled probable cause hearing. DE 22, p.2. The same agent who submitted the Complaint affidavit testified at the detention hearing. Dtn. Hr'g Tr., DE 21, pp.6-50. The government did not show the video from the Tech Store that clearly showed the traffic interdiction executed by the immigration officers. DE 22, Attach. 2. Counsel will hand-deliver the flash drive with the referenced videos to the Clerk of Court on Monday, February 23, 2026. Counsel for Mr. Roblero did show the video from the Sangam Mart at the detention hearing, but this video did not show the entire interdiction. DE 21, pp. 36 & 74. He did not yet have the Tech Store video that more clearly shows the events.

The material discrepancies between the immigration officers' version and the video evidence are relevant to whether probable cause exists to support the each element of the two charges in the indictment – forcibly and intentionally assaulting a federal officer with a deadly weapon, 18 U.S.C. §§ 111(a) & (b) (Count I), and willfully damaging government property, 18 U.S.C. § 1361 (Count II). Motion to Dismiss, DE 22, pp.8-12. In short, if the grand jurors did not get to see the videos and only heard the immigration officers' hearsay statements from the FBI agent, grave doubt exists whether they would have returned a true bill having seen the videos.

For these reasons, counsel respectfully requests that the Court conduct an in camera

review of the grand jury transcript from December 16, 2025, to determine whether the government showed the videos to the grand jurors. Should the Court grant this motion and determine they did not see the videos, counsel requests that the Court notify the parties. Counsel would then seek leave of Court to file a motion to dismiss based on a prejudicial error in the grand jury proceeding, pursuant to Rule 12(b)(3)(A)(v).

Respectfully submitted this 20th day of February, 2026.

G. ALAN DuBOIS
Federal Public Defender

*/s/ James E. Todd, Jr.*
JAMES E. TODD, JR.
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
201 South Evans Street, Suite 153
Greenville, North Carolina 27858
Telephone: 252-830-2620
Fax: 252-830-2232
E-mail:  Jay_Todd@fd.org
N.C. State Bar No. 28832
LR 57.1 Counsel
Appointed

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:

    ASHLEY H. FOXX
    Assistanted United States Attorney
    United States Attorney's Office
    Eastern District of North Carolina
    150 Fayetteville Street, Suite 2100
    Raleigh, NC 27601

by electronically filing the foregoing with the Clerk of Court on February 20, 2026 using the

CM/ECF system which will send notification of such filing to the above.

    This the 20th of February, 2026.

                G. ALAN DuBOIS
                Federal Public Defender

                ***/s/ James E. Todd, Jr.***
                JAMES E. TODD, JR.
                Assistant Federal Public Defender
                Attorney for Defendant
                Office of the Federal Public Defender
                201 South Evans Street, Suite 153
                Greenville, North Carolina 27858
                Telephone: 252-830-2620
                Fax: 252-830-2232
                E-mail: Jay_Todd@fd.org
                N.C. State Bar No. 28832
                LR 57.1 Counsel
                Appointed