IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CR-303-FL-RJ

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | RESPONSE IN OPPOSITION TO |
| v. | ) | DEFENDANT'S MOTION FOR IN |
| | ) | CAMERA REVIEW OF GRAND JURY |
| MILTON ERMILO ARREAGO | ) | TRANSCRIPT |
| ROBLERO | ) | [D.E. 24] |
| | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds in opposition to the Defendant's Motion for In Camera Review of Grand Jury Transcript. D.E. 24. The Government incorporates by reference the procedural history at Docket Entry 30.

Under Fed. R. Crim. P. 6(e)(3)(C)(i), a party seeking grand jury materials must make a "strong showing of particularized need" to justify disclosure. *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 443 (1983). The "particularized need" test requires the party seeking disclosure to carry the burden of establishing: (1) "that the material they seek is needed to avoid a possible injustice in another judicial proceeding," (2) "that the need for disclosure is greater than the need for continued secrecy," and (3) "that their request is structured to cover only material so needed." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979); see also *Illinois v. Abbott & Associates, Inc.*, 460 U.S. 557, 567 n.14 (1983).

Here, the Defendant has failed to meet the heavy burden required to justify disclosure of grand jury materials. The Defense has failed to demonstrate a

particularized need that outweighs the grand jury secrecy. The Defense appears to contend that it needs disclosure to determine whether the grand jury was shown a video or whether it relied solely on immigration officers' hearsay statements. This argument does not establish a particularized need. Whether or not the Government showed a video to the grand jury has no bearing on the issues to be decided in this case. Nor does the Defense explain how disclosure of grand jury materials would prevent any injustice in a separate judicial proceeding. Instead, the Defense merely speculates that the grand jury might not have returned an indictment had it been shown the video. Such conjecture is insufficient to overcome the presumption of grand jury secrecy.

Finally, although the Defense's request seeking to determine whether a video was presented to the grand jury may be sufficiently particular as to the material sought, that alone is not enough. The Defense must also satisfy the first two requirements of the governing test: demonstrating that disclosure is necessary to avoid a possible injustice and that the need for disclosure outweighs the need for continued secrecy. Because the Defense has failed to satisfy either requirement, its request for disclosure should be denied.

## CONCLUSION

For all of the foregoing reasons, the Court should deny the Defenses motion for an in camera review of the grand jury transcript.

Respectfully submitted this 16th day of March, 2026.

W. ELLIS BOYLE
United States Attorney


BY:   /s/ *Ashley Foxx*
ASHLEY FOXX
Assistant United States Attorney
Criminal Division
150 Fayetteville Street
Suite 2100
Raleigh, NC 27601
Telephone: 919-856-4500
Bar No. 49208
Raleigh, NC 27601

## CERTIFICATE OF SERVICE

This is to certify that I have this 16th day of March 2026 served a copy of the foregoing Government's Motion upon the defendants by electronically filing the foregoing with the Clerk of court using the CM/ECF system which will send notification to:

James Todd
Attorney for the Defendant

W. ELLIS BOYLE
United States Attorney

BY:   /s/ *Ashley Foxx*

ASHLEY FOXX
Assistant United States Attorney
Criminal Division
150 Fayetteville Street
Suite 2100
Raleigh, NC 27601
Telephone: 919-856-4500
Bar No. 49208