UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CR-303-FL

UNITED STATES OF AMERICA

v.

MILTON ERMILO ARREAGA
ROBLERO

REPLY TO GOVERNMENT'S
RESPONSE TO MOTION FOR *IN
CAMERA* REVIEW OF GRAND JURY
TRANSCRIPT

The Defendant, Milton Ermilo Arreaga Roblero, by and through undersigned counsel, respectfully replies to the Government's Response to the Motion for *In Camera* Review of Grand Jury Transcript. DE 31, 24.

## BACKGROUND

On January 21, 2026, counsel requested that the Government confirm whether it showed the video evidence of the December 2, 2025 vehicular interdiction to the Grand Jury on December 16, 2025. Discovery Correspondence, Attach. 1. On February 9, 2026, the Government declined to answer this question, asserting it was "beyond the scope of any rule governing criminal discovery and beyond the specific requirements of *Brady*." *Id.* On February 17, 2026, counsel informed the Government he would file a motion for *in camera* review of the Grand Jury transcripts, so the Court answer that question. *Id.*

Having received no response from the Government, counsel filed this motion on February 20, 2026. DE 24. The Government opposes even allowing the Court to review the transcripts to answer the question the Government refuses to answer. Gov't Resp., DE 31.

1

<center>**ARGUMENT**</center>

Mr. Roblero seeks information within the Government's control -- whether it showed the video to the grand jury. Since the Government refuses to answer this question, only a review of the grand jury record can answer it. If not certain, it is highly likely that the Government did not show the video evidence to the grand jurors. Conversely, it is highly unlikely the grand jury would have returned an indictment if they saw the video evidence, given it contradicted the materially misleading and false hearsay allegations in the Complaint.

Had the Government answered counsel's question, a simple "yes" could have avoided litigating this issue. A simple "no" would have avoided making Mr. Roblero wait months to file a motion to dismiss pursuant to Fed. R. Crim. P. 12(b)(3)(A)(v) (pretrial motion to dismiss for "an error in the grand jury-proceeding").

The Response provides no plausible explanation for opposing this motion. It concedes the disclosure request "may be sufficiently particular as to the material sought[.]" Gov't Resp., DE 31, p.2. But it asserts Mr. Roblero cannot show "disclosure is necessary to avoid a possible injustice and that the need for disclosure outweighs the need for continued secrecy." *Id.* Counsel addresses each assertion in turn.

Initially, it merits emphasis that the cases cited by the Government do not involve a request for *in camera* inspection. As a general rule, a defendant in a criminal case seeking *in camera* review need only "identify specific evidence that could plausibly be favorable to his defense." *United States v. Abdallah*, 911 F.3d 201, 218 (4th Cir. 2018) (reversing denial of *in camera* inspection).

<center>2</center>

### A. Specificity and Avoid Injustice

Regarding specificity, the Government concedes the information requested, "may be sufficiently particular as to the material sought." Gov't Resp., DE 31, p.2.

Next, *in camera* review is necessary to avoid any *possible* injustice. Though grand jurors may consider hearsay, "[g]iven the inherent risks associated with hearsay evidence . . ., courts are careful to ensure that 'false and misleading' evidence has not been presented to the grand jury, which could be grounds for dismissing an indictment." *United States v. Eury*, 1:20-CR-38, 2021 WL 276227, \*14 (WDNC Jan. 27, 2021) (quoting *United States v. Hogan*, 712 F.2d 757, 762 (2d Cir. 1983)).

If the grand jurors did not see the video evidence, they relied on false and misleading hearsay to indict Mr. Roblero.

The Complaint alleges Mr. Roblero collided "into the occupied FDO 2 vehicle and FDO 3's unoccupied vehicle." DE 1, pp.3-4. The video evidence shows FDO 2 pushed the Honda into FDO 3's vehicle. Mtn. Dismiss, DE 22, pp.5-6 & Attach. 2 ("Tech Store Video"); Reply, DE 31, p.2. Without seeing the video, the grand jurors would conclude Mr. Roblero intentionally rammed FDO 3's vehicle.

The Complaint then alleges Mr. Roblero "drove over a curb, through a garden bed, and collided with an unrelated and previously parked vehicle[.]" DE 1, p.4. Again, this is false. After ramming the Honda into FDO 3's vehicle, FDO 2 continued ramming the Honda, pushing it through the parking lot and into the parked vehicle. Mtn. Dismiss, DE 22, pp.5-6 & Attach. 2; Reply, DE 31, p.2. Without the video, the grand jurors would conclude Mr. Roblero intentionally drove through the parking lot into the Porsche after intentionally ramming FDO 3's vehicle.

The Court should grant this motion for *in camera* review to ensure the grand jury did not rely on false and misleading hearsay to indict Mr. Roblero. Counsel also submits the "interests of justice" required the Government to show the video evidence to the grand jury. "[W]here a prosecutor is aware of any substantial evidence negating guilt he should, in the interest of justice, make it known to the grand jury, at least where it might reasonably be expected to lead the jury not to indict." *United States v. Ciambrone*, 601 F.2d 616, 623 (2d Cir. 1979).[1]

**B. Need for Disclosure Outweighs Need for Secrecy**

Finally, the need for disclosure outweighs the continued need for secrecy of the grand jury proceeding that concluded on December 16, 2025.

The Federal Rules of Criminal Procedure authorize disclosure of the grand jury record to a defendant where a "ground *may* exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii) (emphasis added). To warrant disclosure, a defendant must show "'particularized and factually based grounds exist that may create a basis for dismissal of the indictment.'" *United States v. Comey*, 809 F. Supp. 3d 396, 402-03 (E.D. Va. Nov. 17, 2025) (cleaned up, citation omitted).

Mr. Roblero has made this showing. As shown above, a particular and factually based ground exists that may provide a basis for dismissal of the indictment. It is highly likely if not certain the Government did not show the video evidence to the grand jury. And it is highly unlikely the grand jury would have returned an indictment having seen the video evidence rather than rely on false and misleading hearsay.

Accordingly, a "ground may exist to dismiss the indictment because of a matter that

---

[1] As of December 3, 2025, the Government had access to the Tech Store video evidence that clearly shows the entirety of the vehicular interdiction. Attach. 2.

occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). If the grand jury did not see the video evidence, the "decision to indict was substantially influenced, or that there is 'grave doubt' that the decision to indict was substantially influenced, by [false and misleading hearsay] testimony which was inappropriately before it." *United States v. Feurtado*, 191 F.3d 420, 425 (4th Cir. 1999) (quoting and citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988)).

The demonstrated need for disclosure outweighs any need for continued secrecy of the grand jury record. While this motion initially seeks *in camera* review, Mr. Roblero contends his need for disclosure of the grand jury record outweighs the need for secrecy.

The traditional justifications for secrecy do not apply here. *See Comey*, 809 F. Supp. 3d at 413 (listing the "traditional reasons underlying grand jury secrecy"). As in *Comey*, "the grand jury's role in this case is over," *id.*, having concluded on December 16, 2025. The alleged criminal incident ended on December 2, 2025, so there are no other persons who could be subject to related criminal charges.

It is highly likely the same case agent who swore out the Complaint and testified at the detention hearing on December 16, 2025, had just testified before the grand jury that morning. *See* Dtn. Hr'g Tr., DE 21, pp.6-50; *Comey*, 809 F. Supp. 3d at 413 ("The only person to testify before the grand jury was a single federal agent.").

Accordingly, there is no "particularized reason why grand jury materials should be kept from the person the grand jury indicted," *id.*, and no reason whatsoever for keeping the record from the Court.

**CONCLUSION**

For these reasons, the Court should grant the motion for *in camera* review of the grand jury record, to determine whether the Government secured an indictment without showing the video evidence to the grand jurors.

Alternatively, the Court can order the Government to answer this question.

Respectfully submitted this 22nd day of March, 2026.

<div style="margin-left:40%">

G. ALAN DuBOIS
Federal Public Defender

*/s/ James E. Todd, Jr.*
JAMES E. TODD, JR.
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
201 South Evans Street, Suite 153
Greenville, North Carolina 27858
Telephone: 252-830-2620
Fax: 252-830-2232
E-mail: Jay_Todd@fd.org
N.C. State Bar No. 28832
LR 57.1 Counsel
Appointed

</div>

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:

ASHLEY H. FOXX
Assistanted United States Attorney
United States Attorney's Office
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601

by electronically filing the foregoing with the Clerk of Court on  March 22, 2026 using the

CM/ECF system which will send notification of such filing to the above.

This the 22nd day of March, 2026.

G. ALAN DuBOIS
Federal Public Defender

***/s/ James E. Todd, Jr.***
JAMES E. TODD, JR.
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
201 South Evans Street, Suite 153
Greenville, North Carolina 27858
Telephone: 252-830-2620
Fax: 252-830-2232
E-mail:  Jay_Todd@fd.org
N.C. State Bar No. 28832
LR 57.1 Counsel
Appointed

- 7 -