**G. Alan DuBois**
*Federal Public Defender*

# Office of the Federal Public Defender
### Eastern District of North Carolina
### 201 South Evans Street, Suite 153
### Greenville, North Carolina 27858

Phone (252) 830-2620
Toll-Free (888) 605-5721
Fax (252) 830-2232
Website: http://nce.fd.org

January 21, 2026

VIA EMAIL AND HAND DELIVERY

Ashley H. Foxx
United States Attorney's Office
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-208-8597
Email: ashley.foxx@usdoj.gov

> RE:   DISCOVERY REQUEST
> United States v. Milton Ermilo Arreaga Roblero
> Docket No. 5:25-CR-303-FL-RJ-1

Dear Ms. Foxx:

Based on discovery received thus far, and on our continuing investigation, I've identified additional discovery relevant to pretrial motions and/or trial issues. Please respond by January 30, 2026, indicating your response to the requested discovery. If you decide to produce the requested discovery, please do so by February 6, 2026. I aim to stick with the current February 20, 2026, motion filing deadline, so I would need to file any motion to compel well before that deadline.

Please see outline below for the additional discovery that we are requesting:

## A. "Pattern of Life" investigation before Dec. 2nd

1. Complete names of all agents and/or officers involved in and/or participated in what the Complaint identifies as a "pattern of life" investigation. Also, the work numbers and addresses for each.
2. All reports, text messages, emails related to the "pattern of life" investigation and surveillance prepared by any of the officers/agents identified in #1 before, during, or after surveillance and/or investigative actions.
3. All photos, videos, images related to the "pattern of life" surveillance and/or investigation
4. Confirm whether officers or agents obtained an I-200 administrative arrest warrant for Maynor Wilson Godinez-Mendez. If yes, please produce the warrant.

## B. Dec 2nd

1. Complete names of all federal agents and/or officers involved in the arrest operation on Dec 2, including but not limited to all ICE ERO officers, fugitive team and HSI Quick Response Force agents.
2. Remove redactions of all names from the reports provided in initial discovery, including but not limited to Maynor Wilson Godinez-Mendez, and all officers or agents from B #1.

3. Identify the vehicles used or occupied by the officers or agents from B #1.
4. All photos, videos, and images related to the Dec 2 surveillance of 10211 Chapel Hill Road, Morrisville, NC.
5. All operations plan, reports, text messages, emails, or social media related to the Dec 2 surveillance and arrest operation, prepared before, on, or after December 2, 2025.
6. All photos, videos, images of the vehicles involved in the Dec 2 interdiction, including but not limited to vehicles driven by FDO 1, 2 & 3, identified in the Complaint, taken by any officer or agent from B #1, including any audio recording from those videos.
7. All notes of Morrisville Police Officer Kim Davis taken by one of the officers or agents identified in B #1 and identify that officer or agent who took her notes.
8. Complete bodycam of Officer Davis from Dec 2. Also, body-cams of other Morrisville Police Officers who arrived at the scene.
9. Confirm whether officers or agents obtained an I-200 administrative arrest warrant for Milton Ermilo Arreaga-Roblero on December 2, 2025. If yes, please produce the warrant.
10. A-File for Milton Ermilo-Arreaga-Roblero.
11. All statements of Arreaga-Roblero, whether in written form, or in audio, video, or from notes or reports, including but not limited to immigration form I-213.
12. All images, video and information related to the "pattern of life" investigation or the December 2 interdiction, from what page 51 of discovery identifies as "Scarecrow," "camera recording," "U.S. bird access," and download ULMS (sp.?)."

C. **Post-Dec 2nd**
1. All reports, text messages, emails or social media communications related to the events of Dec 2, prepared or sent by any officer or agent identified in A #1 or B #1, whether an internal communication within ICE, ERO, or HSI, or external communications to the insurance companies of the red Honda and the citizen's Porsche, the Homeland Security or Federal Bureau of Investigation, including but not limited to reports or communications prepared in accordance with the ICE Fleet Maintenance Handbook in effect on December 2, 2025.
2. The date and time any officer or agent took his or her vehicle – whether FDO 1, 2 or 3's -- to a collision repair facility.
3. Confirm whether vehicles identified as driven by FDO 2 & 3 have already been repaired, and the date repairs completed. I saw no repair report for the vehicle driven by FDO 1 (Jeep Cherokee). Please confirm whether any repairs have been done on that vehicle.
4. Grand Jury: please confirm whether the Government showed the grand jurors videos of the December 2 interdiction, either from the M2_CNETGEEK or M3_Sangam Mart Surveillance Video.

Thank you in advance for your assistance.

Sincerely,

JAMES E. TODD, JR.
Assistant Federal Public Defender

JET: cj



## U. S. Department of Justice

**W. Ellis Boyle**
*United States Attorney*
*Eastern District of North Carolina*

*Wells Fargo Building*            *Telephone (919) 856-4530*
*150 Fayetteville Street*         *Criminal FAX (919) 856-4487*
*Suite 2100*                      *Civil FAX (919) 856-4821*
*Raleigh, NC 27601*               *www.usdoj.gov/usao/nce*

February 9, 2026

James E. Todd

> **Re:** <u>United States v. Milton Ermilo Arreaga Roblero</u>
> <u>No. 5:25-CR-303-FL-RJ-1</u>

Dear Mr. Todd:

I write in response to your consolidated discovery requests contained in a letter dated January 21, 2026. I am committed to working cooperatively through any discovery issues and hope to avoid any discovery disputes that can be avoided through our good faith discussions.

### A.    Patter of Life Investigation before Dec. 2nd

1. Your letter requests the complete names, work numbers and addresses of "all agents and/or officers that participated in what the Complaint identifies as a 'pattern of life' investigation." The Government rejects this request as beyond the scope of any rule governing criminal discovery and beyond the specific requirements of *Brady*. Notwithstanding the above, to avoid unnecessary litigation over discovery, and consistent with our general approach to provide broader discovery than may be required, we will provide you with the intials of the victims.

2. Your letter requests "[a]ll reports, text messages, emails related to the 'pattern of life' investigation and surveillance prepared by any of the officers/agents identified in #1 before, during, or after surveillance and/or investigative actions." The Government rejects this beyond the scope of any rule governing criminal discovery and beyond the specific requirements of *Brady*. Rule 16(a)(2) explicitly states that Rule 16(a)(1) does not authorize such disclosure. Fed. R. Crim. P. 16(a)(2) ("this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case"). Notwithstanding the

1

above, to avoid unnecessary litigation over discovery, and consistent with our general approach to provide broader discovery than may be required, we will turn over the limited documentation we have related to the referenced investigation in a Productio 3.

3. The Government rejects your request for "[a]ll photos, videos, images related to the 'pattern of life' surveillance and/or investigation" as overly broad and beyond the scope of any rule governing criminal discovery and beyond the specific requirements of *Brady*. The patter of life investigation arose out of efforts to serve an arrest warrant on someone other than your client, and was unrelated to the assault on a government official with a deadly weapon or the destruction of government property. However, and consistent with our general approach to provide broader discovery than may be required, we have provided you with investigative materials related to the pattern of life investigation. We are not aware additional photos, videos, images in the Government's possession.

4. Your letter requests that the Government "[c]onfirm whether officers or agents obtained an I-200 administrative arrest warrant for Maynor Wilson Godinez-Mendez. If yes, please produce the warant." We reject this request as overly broad and beyond the scope of any rule governing criminal discovery and beyond the specific requirements of *Brady*. However, and consistent with our general approach to provide broader discovery than may be required, we can confirm that, on December 2, law enforcement were attempting to execute an administrative warrant for the arrest of someone other than your client. At your convenience, we will make a redacted copy of the warrant available for you to inspect at our office. We will not provide the name of the individual for whom the warrant was issued for several reasons, including but not limited to the fact that these individual's identity is not relevant to your client's assault on law enforcement and destruction of property, and because this arrest warrant has not been served.

**B. Dec 2nd**

1. Your letter requests the "[c]omplete names of all federal agents and/or officers involved in the arrest operation on Dec 2, including but not limited to all ICE ERO officers, fugtive team and HIS Quick Response Force Agents." We reject this request as overly broad and beyond the scope of any rule governing criminal discovery and beyond the specific requirements of *Brady*. However, consistent with consistent with our general approach to provide broader discovery than may be required intials of the agents involved in the arrest operation that were present during the arrest are as follows: E.H., J.W., and J.C., and R.W.

2

2. Your letter requests that the Government remove redactions of all names from the reports provided in initial discovery. In the discovery materials, redactions were applied to the name of the individual for whom an administrative arrest warrant was issued. As previously discussed, the identity of this individual is not relevant to your client's alleged assault on law enforcement and destruction of property. Moreover, we are unable to disclose the identity of this individual because this arrest warrant remains unserved. Redactions were also applied to the names of law enforcement. In the interest of avoiding unnecessary litigation over discovery, we will provide you with the intials and the associated statements that correspond to the appropriate Bates Number if that helps you.

3. Your letter requests that the Government remove redactions of all names from the reports provided in initial discovery. In the discovery materials, redactions were applied to the name of the individual for whom an administrative arrest warrant was issued. As previously discussed, the identity of this individual is not relevant to your client's alleged assault on law enforcement and destruction of property. Moreover, we are unable to disclose the identity of this individual because this arrest warrant remains unserved. Redactions were also applied to the names of law enforcement. In the interest of avoiding unnecessary litigation over discovery, we will provide you with the intials and the associated statements that correspond to the appropriate Bates Number if that helps you.

**4.** As to your request for all photos, videos and images related to the December 2 surveillance, we have already provided you with any such material in our possession.

5. Your letter requests that the Government provide "all operations plan, reports, text messages, emails, or social media related to the Dec 2 surveillance and arrest operation, prepared before, on or after December 2, 2025." We reject this request as overly broad and beyond the scope of any rule governing criminal discovery and beyond the specific requirements of *Brady*.
   a. Beyond, the scope, however.
   b. Government will provide some additional discovery in Production 3. Please see Production 1

6. We reject this request as overly broad and beyond the scope of any rule governing criminal discovery and beyond the specific requirements of *Brady*.

7. The Government
   a. This was only a list of names and we have provided you with the intials above.

8. This is not apart of the government's obligation under *Brady v. Maryland*. It is unrelated to the assault on a government official with a deadly weapon or the destruction of government property. However, we will provide this information in order to resolve this matter quickly.
   a. We are in the process of providing. We have requested this from Morrisville PD and they will provide them to us.

9. This is not apart of the government's obligation under *Brady v. Maryland*. It is unrelated to the assault on a government official with a deadly weapon or the destruction of government property. However, we will provide this information in order to resolve this matter quickly. I am still awaiting a response to the requested information.

10. This is not apart of the government's obligation under *Brady v. Maryland*. It is unrelated to the assault on a government official with a deadly weapon or the destruction of government property. However, we will provide this information in order to resolve this matter quickly. I am still awaiting a response to the requested information.

11. As it pertains to the immigration form I-213, this is not apart of the government's obligation under *Brady v. Maryland*. It is unrelated to the assault on a government official with a deadly weapon or the destruction of government property. However, we will provide this information in order to resolve this matter quickly. Any other statements related to the case have been provided to the defense in Production 1.

12. The handwritten notes referenced on p 51 are associated with an anrelated matter and were inadevertently incluide

C. **Post-Dec 2nd**
1. You letter requests "[a]ll reports, text messages, emails or social media communications related to the events of Dec 2, prepared or sent by any officer or agent identified in A#1 or B#1, whether an internal communication within ICE, ERO, OR HI, or external communications to the insurance companies of the red Honda and the citizen's Porsche, the Homeland Security or Federal Burau of Investigation, including but not limited to reports or communications prepatre in accordance with the ICE Fleet Maintenance Handbook in effect on December 2, 2025. We reject this request as overly broad and beyond the scope of any rule governing criminal discovery and beyond the specific requirements of *Brady*. Insofar as you are requesting copies of internal communications of law enforcement agents, I would refer you to Federal Rule of Criminal Procedure 16(a)(2), subtitled "Information Not Subject To Disclosure," which expressly and specifically precludes

4

disclosure of "internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." However, we are not aware of any such communication.

1. This is unrelated to the assault on a government official with a deadly weapon or the destruction of government property. Please see Production 2 for information involving repairs of the vehicles

2. The vehicles have not been repaired and are not in use.

3. Your letter asks the Government to confirm whether certain evidence was or was not presented to the Grand Jury in connection with the indictment in this case. The Government rejects this request as beyond the scope of any rule governing criminal discovery and beyond the specific requirements of *Brady*.

Sincerely,

W. Ellis Boyle
United States Attorney

*/s/ Ashley Foxx*
ASHLEY FOXX
Assistant United States Attorney
Criminal Division

5

# Office of the Federal Public Defender

**G. Alan DuBois**
*Federal Public Defender*

**Eastern District of North Carolina**
**201 South Evans Street, Suite 153**
**Greenville, North Carolina 27858**

Phone (252) 830-2620
Toll-Free (888) 605-5721
Fax (252) 830-2232
Website: http://nce.fd.org

February 17, 2026

Via Email and Hand-Delivery

Ashley H. Foxx
United States Attorney's Office
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-208-8597
Email: ashley.foxx@usdoj.gov

      RE:    Discovery Responses
              United States v. Milton Ermilo Arreaga Roblero
              Docket No. 5:25-CR-303-FL-RJ-1

Dear Ms. Foxx:

To minimize the disputed discovery issues that may require a motion to compel, please consider the following proposals. The letter and number identification references the corresponding requests in my January 21, 2026 letter, attached for your convenience.

1. A1, B1, B2: Complete names, work and mail contacts for all immigration agents and/or officers involved in the 'pattern of life' investigation prior to the December 2, 2025 vehicular interdiction, and the December 2, 2025 incident. Remove redactions of those names in the reports produced thus far.

   I propose that the Government produce this information, and I will only use the officers' or agents' initials in public filings, with reference to complete names in sealed filings to the Court.

2. A4, B2: Remove redactions of Maynor Wilson Godinez-Mendez from all reports and/or arrest warrants.

   His identity has already been made public at the December 16, 2025 detention hearing, both verbally and through submission of the state court documents from his case.

3. A2, A3, B4, B5, B6: Reports, Emails, Text Messages and Photos/Videos/Images from 'Pattern of Life' investigation and/or surveillance. Same request for the December 2, 2025 interdiction, including but not limited to operations plans.

   Please conduct due diligence to obtain and preserve for eventual production. The information gleaned from discovery productions 1, 2 & 3 contains only a vague text message and email that do not cover operations plans for both the surveillance and the interdiction. It seems odd that an

DEDICATED TO PROVIDING EFFECTIVE, QUALITY LEGAL REPRESENTATION

operation involving 7 or 8 agents and officers would not have an operations plan prepared in advance.

For B6 specifically, on page 24, production 1, notes state: "J[redacted] starts taking video and pics of damaged vehicles." Please produce these pictures and unredacted videos, with audio if recorded.

4. B7, B8: Officer Davis' notes confiscated by agents/officers, and complete body cam. Please obtain all notes the officers confiscated from Officer Davis and preserve for production. Please produce the complete body cam, with audio and without edits.

5. C1: all communications from any agent/officer involved in the December 2, 2025 interdiction. Please conduct due diligence to obtain and preserve all requested communications. I will not move to compel these at this time but find it hard to believe Homeland Security does not require internal reports prepared by the officer or agent involved in an accident or interdiction that damages Government and privately-owned vehicles.

6. C4: Confirm whether the Government showed the videos of the vehicular interdiction to the grand jury.

I will file a motion for the Court to conduct an in camera review of the record from the Grand Jury. Should my motion state you oppose or do not oppose this request for in camera review?

Sincerely,

JAMES E. TODD, JR.
Assistant Federal Public Defender

JET: cj